UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ULLERY, et al.,<br><br>Defendants. | No. 2:22-cv-0002 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights complaint under 42 U.S.C. § 1983. On May 19, 2022, plaintiff filed a motion for summary judgment, which he signed on February 14, 2022. (ECF No. 22 at 8.)

Plaintiff seeks summary judgment on the merits of his claims against defendants. However, plaintiff's motion is premature for two reasons. First, plaintiff's motion was filed before defendants appeared in this action. Defendants filed their answer on May 31, 2022. (ECF No. 22.) Second, under Rule 56(d) of the Federal Rules of Civil Procedure, parties are entitled to conduct discovery. Gordon v. Marquez, 2019 WL 1017323, at *1 (E.D. Cal. Mar. 4, 2019). Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Id. (citing Fed. R. Civ. P. 56).

////

1

Here, defendants are entitled to an opportunity to pursue discovery before responding to a summary judgment motion. In this instance, plaintiff prepared and signed his motion before service of process was accomplished and before defendants filed an answer. Due to an apparent mail delay, plaintiff's motion was filed with the court on May 19, 2022, which was still prior to defendants' answer on May 31, 2022. In addition, the court has not yet issued its discovery and scheduling order. Accordingly, plaintiff's motion for summary judgment should be denied as premature. Of course, nothing prevents plaintiff from filing a future motion for summary judgment that incorporates all relevant materials obtained after the period set for the completion of all discovery as contemplated by Rule 56.[1] Id. (citing see, e.g., Moore v. Hubbard, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature)). In other words, all parties should refrain from filing a motion for summary judgment until after discovery has closed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to return to plaintiff the hard copy of his motion for summary judgment (ECF No. 22); and to assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 22) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

////

---

[1] Because the court retains the scanned copy of plaintiff's 176-page motion and exhibits, the Clerk of the Court is directed to return the hard copy of plaintiff's motion and exhibits to plaintiff.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn0002.msj.prem