UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ULLERY, et al.,<br><br>Defendants. | No. 2:22-cv-0002 TLN KJN P<br><br><br>ORDER AND ORDER TO SHOW CAUSE |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff filed a motion to amend, which defendants oppose, and defendants filed a motion to stay this action until the court addresses plaintiff's motion to amend and, if the motion is granted, vacate the scheduling order. As set forth below, plaintiff's motion to amend is granted, and, accordingly, the discovery and scheduling order is vacated.

Background

On December 23, 2021, plaintiff filed his civil rights complaint against defendants Ratton, Ullery and Nouged. Defendants filed an answer, and on July 18, 2022, a pretrial discovery and scheduling order issued. (ECF Nos. 23, 29.) On August 22, 2022, plaintiff requested leave to amend; it was denied based on plaintiff's failure to provide a proposed amended complaint. (ECF Nos. 33, 34.) Subsequently, plaintiff filed a motion to amend and a proposed amended complaint. (ECF No. 35.) On September 26, 2022, plaintiff filed a request to delay his responses to

1

discovery propounded by defendants until the undersigned ruled on plaintiff's motion to amend. (ECF No. 37.)  On October 25, 2022, defendants filed an opposition to the motion to amend; plaintiff filed a reply.  (ECF Nos. 45, 46.)  On November 18, 2022, defendants filed a motion to stay the action and also request the scheduling order be vacated until the motion to amend is resolved.

Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  The factors are not weighed equally.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Undue delay, "by itself...is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Plaintiff's Complaint

This action proceeds on plaintiff's original complaint as to defendants Ratton, Ullery and Nouged, and alleges the following.  While housed at Mule Creek State Prison, on April 1, 2021, defendant Dr. Ratton prescribed Amlodipine for plaintiff despite plaintiff informing Dr. Ratton that plaintiff is allergic.  As a result, plaintiff suffered unbearable pain, leg swelling, and

developed cellulitis. (Claim One.)  Further, despite plaintiff's diabetes and bilateral hallux deformity, Dr Ullery denied and delayed plaintiff's request for orthopedic shoes and referral to a podiatrist from March 26, 2020, until September 9, 2021, at which time plaintiff was accommodated.  (Claim Two.)  Plaintiff suffered constant foot pain, and right leg stiffness.  Finally, plaintiff claims that defendants Dr. Ullery and Dr. Nouged, a dentist, denied plaintiff a soft food diet from April 29, 2020, until July 4, 2021.  Plaintiff, who has no teeth, suffered throbbing pain, sores, numbness or clots, and was unable to eat at times.  Plaintiff seeks money damages. (Claim Three.)

Proposed Amended Complaint

The proposed amended complaint raises the same claims as the original complaint.  (ECF No. 35.)  In his new proposed fourth claim, plaintiff adds a new defendant, Dr. Deepthi Surineni.  Plaintiff alleges that he told Dr. Surineni three times that plaintiff was allergic to Amlodipine; that Dr. Ratton or Dr. Ullery tapered plaintiff off the Amlodipine; that the Amlodipine was discontinued on November 2, 2020, as well as at San Quentin; that plaintiff's right leg was swollen and caused unbearable pain, and that if plaintiff took Amlodipine it would swell more and cause cellulitis and more pain.  (ECF No. 35 at 6.)  Despite these facts, on April 1, 2021, Dr. Surineni assumed plaintiff was not taking his blood pressure medicine, and ordered Amlodipine for plaintiff.  As a result, plaintiff suffered cellulitis, which was not treated until February 23, 2022, resulting in pain and swelling.  Plaintiff's legs are weak, hurt all the time, and he cannot walk or stand for long periods of time.

Discussion

    Prejudice

Defendants contend that plaintiff's amendment should not be allowed because plaintiff's unexplained delay will prejudice defendants.  The deadline for written discovery has expired, and discovery closes in less than a month.

Allowing plaintiff to amend his pleading will require reopening discovery for plaintiff as to his claims against defendant Dr. Surineni.  But plaintiff's claims against Dr. Surineni are

////

relatively straightforward; indeed, in light of plaintiff's reply, such claims appear to duplicate his claims against Dr. Ratton pled in claim one.

The undersigned does not find that defendants will be significantly prejudiced if plaintiff is granted leave to file an amended pleading to include his claims against Dr. Surineni.

Delay

Defendants argue that plaintiff engaged in undue delay in raising his Eighth Amendment claim against Dr. Surineni because over ten months have passed, and plaintiff provided no explanation for his delay in his motion to amend.

An unjustified delay is "undue" for the purposes of the Rule 15 analysis. Western Shoshone Nat. Council v. Molini, 951 F.2d 200, 204 (9th Cir. 2000). It is within the court's discretion to deny leave to amend when the amendment proposes adding new claims that movants knew or should have known about when the earlier pleading was filed. AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 953 (9th Cir. 2006). The court should consider whether there has been "undue delay" in the context of the following: (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. Wizards of the Coast LLC v. Cryptozoic Entertainment LLC, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798-99 (9th Cir. 1991)).

In his reply, plaintiff appears to contend that he referred to Dr. Surineni in the original complaint by referring to "she," but that plaintiff did not know the doctor's name because her name tag was turned backwards. (ECF No. 46 at 2.) Review of defendants' answer confirms that Dr. Ratton is male. (ECF No. 23 at 2.) Therefore, plaintiff knew of the facts underlying his Eighth Amendment claim against this female doctor at the time he filed this action, yet it appears he attributed such allegations to Dr. Ratton. Plaintiff does not clarify when he discovered Dr. Surineni's name.

Plaintiff filed his motion to amend before discovery closed. In addition, the pretrial motions deadline, February 10, 2023, has not yet expired, and no trial date has been set.

////

The undersigned finds that the second and third factors do not weigh against plaintiff, given that he filed his motion to amend before the dispositive motion deadline and trial dates were set. However, the length of the delay prior to plaintiff's motion outweighs these factors.

Bad Faith

Defendants do not contend that plaintiff acted in bad faith.

Futility

Defendants argue that plaintiff's motion to add Dr. Surineni is futile because plaintiff's allegations are insufficient to state a cognizable Eighth Amendment claim and would not withstand a motion to dismiss. Defendants argue that even taking plaintiff's allegations as true, the amended complaint fails to show that the risk of harm (cellulitis or swelling of the leg) was objectively serious or that Surineni consciously knew of and disregarded that serious risk of harm. Defendants argue that if Amlodipine was necessary to assist plaintiff with his objectively serious pre-existing medical condition of high blood pressure and cellulitis or leg swelling was a contemplated side effect or was a reasonable medical decision by Surineni, then plaintiff's allegations fail to state a cognizable Eighth Amendment claim.

The undersigned is not persuaded that plaintiff's allegations as to Dr. Surineni are futile. Indeed, plaintiff's allegations as to Dr. Surineni track those raised against Dr. Ratton, and the court found such claims were sufficient to support an Eighth Amendment violation. At summary judgment, defendants may be able to demonstrate Dr Surineni's actions were reasonable or did not constitute deliberate indifference, but the undersigned finds plaintiff's allegations are sufficient to state an Eighth Amendment claim.

Previous Amendments

In addition, plaintiff has not previously amended his complaint.

Conclusion

As discussed above, defendants would not be significantly prejudiced were plaintiff allowed to file an amended complaint raising his Eighth Amendment claim against Dr. Surineni. Plaintiff's proposed amendment is not futile or made in bad faith. The only factor weighing

////

1    against plaintiff is his delay in raising the proposed amendments. However, undue delay, "by

2    itself . . . is insufficient to justify denying a motion to amend." Owens, 244 F.3d at 712-13.

3    Having weighed the factors discussed above, the undersigned finds that plaintiff's motion

4    to file an amended complaint raising his Eighth Amendment claim against Dr. Surineni should be

5    granted, and the court now turns to screening the amended complaint.

6    Screening

7    The court is required to screen complaints brought by prisoners seeking relief against a

8    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

9    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

12   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14   Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

16   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

20   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

21   support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

22   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

23   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under

24   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

25   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

26   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

27   McKeithen, 395 U.S. 411, 421 (1969).

28   ////

Discussion

The undersigned again finds that plaintiff states cognizable Eighth Amendment claims as to defendants Ullery and Nouged in connection with plaintiff's second and third claims concerning the denial and delay in providing plaintiff orthopedic shoes, referral to a podiatrist, and a soft food diet.

As to plaintiff's new claim against Dr. Surineni (claim four), such claim appears to duplicate plaintiff's claim against Dr. Ratton as pled in claim one. Because it is now clear that Dr. Ratton is male, plaintiff's allegations that "she" prescribed plaintiff Amlodipine on April 1, 2021, do not appear attributable to Dr. Ratton. Indeed, in plaintiff's new claim four, plaintiff alleges that both Dr. Ullery and Dr. Ratton tapered plaintiff off Amlodipine. Such allegations do not constitute deliberate indifference. Moreover, it is not plausible that both Dr. Ratton and Dr. Surineni prescribed Amlodipine to plaintiff on April 1, 2021, particularly where plaintiff also alleges that Dr. Ratton tapered plaintiff off Amlodipine.

Therefore, the undersigned finds that plaintiff states a cognizable Eighth Amendment claim as to Dr. Surineni, but fails to state a cognizable Eighth Amendment claim as to Dr. Ratton. Plaintiff is ordered to show cause why Dr. Ratton should not be dismissed from this action, and why Dr. Bharat Ratton's name in claim one should not be interlineated to read "Dr. Surineni." By separate order, the court will direct service on Dr. Surineni.

Remaining Matters

In light of the above, discovery is stayed pending service of process on Dr. Surineni. Thus, defendants' motion for stay is partially granted; the discovery and scheduling order is vacated and will be re-issued once defendant Dr. Surineni has appeared in the action.

On September 26, 2022, plaintiff filed a request to withhold his responses to the defendants' interrogatories and requests for admissions until defendant Surineni appeared in the action. (ECF No. 37.) However, in plaintiff's reply, plaintiff notes that he served objections and responses on October 5, 2022. Because a new discovery and scheduling order will issue later, plaintiff's request is denied as moot.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 35) is granted.

2. The Clerk of the Court is directed to separately file and docket plaintiff's proposed amended complaint (ECF No. 35 at 1-7) as his amended complaint and append his exhibits (ECF No. 35 at 13-19).

3. The amended complaint states potentially cognizable Eighth Amendment claims for relief against defendants Dr. Ullery, Dr. Nouged, and Dr. Surineni pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

4. Defendants Ullery and Nouged shall file a responsive pleading within twenty-one days from the date of this order.

5. Within twenty-one days from the date of this order, plaintiff shall show cause why defendant Dr. Ratton should not be dismissed from this action, and why Dr. Bharat Ratton's name in claim one should not be interlineated to read "Dr. Surineni."

6. Defendants' motion for stay (ECF No. 47) is partially granted.  Discovery is stayed pending further order of the court.

7. The July 18, 2022 discovery and scheduling order (ECF No. 29) is vacated.

Dated:  November 28, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn0002.mta