Mr. Anthony Dewayne Lee Turner

Prisoner ID. BJ9612

1550 Juliesse Avenue

Sacramento, California 95815

IN PRO PER

**FILED**

**DEC 07 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

### UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER<br>　　　Plaintiff,<br><br>V.<br><br>MICHAEL U<br>　　　Defendants.<br>----------------------------------------/ | CASE No.  2:22-cv-00002-TLN-KJN<br><br>PLAINTIFF'S AMENDED COMPLAINT<br>AGAINST DR. RATTON<br><br>DATE FILED: DECEMBER 23, 2021 |

Plaintiff filed a civil rights complaint against defendants Ratton, Ullery, Nouged and now Dr. Surineni. This action proceeds on plaintiff's original complaint as to Dr. Ratton while housed at Mule Creek State Prison and the defendant Dr. Retton , tapered the plaintiff off a medication after the plaintiff informed the doctor he was allergic to Amlodipine approximately in June 1, 2021.

　　As a result, plaintiff suffered unbearable pain, leg swelling, and developed cellulitis. Dr. Ratton knew that he should have terminated the allergic medication because he was informed by the plaintiff that he was allergic to Amlodipine.

　　Defendant also knew that the plaintiff was allergic to Amlodipine because a medical form was placed into the medical clinic on a 7362 medical slip stating that the plaintiff was allergic to Amlodipine on or approximately June 1, 2021.

**Estelle v. Gamble**, 429 U.S. 97 (1976), was a case in which the Supreme Court of the United States established the standard of what a prisoner must plead in order to claim a violation of Eighth Amendment rights under 42 U.S.C. § 1983. Specifically, the Court held that a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Though the Court credited Gamble's complaint that doctors had failed to provide appropriate care, it

held that medical malpractice did not rise to the level of "cruel and unusual punishment" simply because the victim is a prisoner.

## History[edit]

J. W. Gamble was a state prisoner within the Texas Department of Corrections who was given a prison labor assignment loading and unloading cotton bales from a truck. On November 9, 1973, he injured his back when a cotton bale fell on him. Over the next three months, he complained of back and chest pains, was subject to administrative segregation for refusing to work, and ultimately was treated for an irregular heartbeat.

On February 11, 1974, Gamble initiated his lawsuit *pro se* by submitting a handwritten document.

The Court found for the defendant because it viewed his failure to receive proper medical care as "inadvertent". The case nevertheless established the principle that the deliberate failure of prison authorities to address the medical needs of an inmate constitutes "cruel and unusual punishment".[1] It held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'...proscribed by the Eighth Amendment."[2]

## *Helling v. McKinney*[edit]

The Supreme Court in 1993 extended the requirement that inmates receive required medical care beyond what it established in *Estelle*. In *Helling v. McKinney*, the Court considered the case of a Nevada prisoner, "the cellmate of a five-pack-a-day smoker," who sought to be housed in an environment free of second-hand smoke. McKinney suffered from no ailment and sought no medical treatment. Justice Byron White wrote for a 7–2 majority of the Court that McKinney's claim that prison officials "have, with deliberate indifference, exposed him to levels of ETS [second hand smoke] that pose an unreasonable risk of serious damage to his future health" raised a valid claim under the Eighth Amendment. He wrote that McKinney would have to prove both the scientific facts of the dangers of exposure to second-hand smoke and prove that community standards supported him, that "it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." He would also have to prove that prison officials acted with deliberate indifference.[3][4]

### CONCLUSION

The court should grant complaint because the allegations are sufficient to state an Eighth Amendment claim.

DATED:    December 4, 2022

Respectfully Submtted,

Mr. Anthony Dewayne Lee Turner

IN PRO PER