UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ULLERY, et al.,<br><br>Defendants. | No.  2:22-cv-0002 TLN KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se.  On November 28, 2022, plaintiff was ordered to show cause why Dr. Surineni should not be interlineated in place of Dr. Ratton in claim one.  On December 7, 2022, plaintiff filed a document styled, "Plaintiff's Amended Complaint Against Dr. Ratton."  (ECF No. 55.)  As set forth below, it is recommended that plaintiff's first claim be dismissed, and defendant Dr. Ratton be dismissed from this action.

Plaintiff's Putative Amended Complaint

Plaintiff's amended complaint is procedurally defective.  First, because defendants have answered, plaintiff must first seek leave of court to file an amended pleading by filing a motion to amend.  Fed. R. Civ. P. 15.  Plaintiff did not obtain consent of defendants or file a motion to amend.  Fed. R. Civ. P. 15(a).  "If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel [or pro se plaintiff] shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave

1

1  and lodge a proposed order as required by these Rules." L.R. 137(c).  Second, plaintiff's putative
2  pleading is not complete in itself; rather, he purports to sue only defendant Ratton, albeit
3  referencing his "original" complaint against defendants Ratton, Ullery, Nouged, "and now Dr.
4  Surineni," and does not include any requested relief.  (ECF No. 55 at 1.)  Local Rule 220 requires
5  that an amended complaint be complete in itself without reference to any prior pleading.  This
6  requirement is because, as a general rule, an amended complaint supersedes the original
7  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
8  complaint, the original pleading no longer serves any function in the case.  Therefore, in an
9  amended complaint, as in an original complaint, each claim and the involvement of each
10 defendant must be sufficiently alleged.

11       Third, even if the court construed plaintiff's filing as his response to the order to show
12 cause, plaintiff does not dispute that his first claim actually refers to Dr. Surineni, who is the
13 female doctor who prescribed the amlodipine on April 1, 2021, despite knowing plaintiff was
14 allergic.  Instead, plaintiff now claims that Dr. Ratton was also deliberately indifferent to
15 plaintiff's medical needs by tapering plaintiff off the medication after plaintiff informed Dr.
16 Ratton that plaintiff is allergic to Amlodipine.  (ECF No. 55 at 1.)  However, as the court found in
17 the prior screening order, allegations that a doctor tapered plaintiff off Amlodipine, standing
18 alone, does not constitute deliberate indifference.  (ECF No. 50 at 7.)  Therefore, the undersigned
19 recommends that plaintiff's first claim in which he alleges that Dr. Ratton and Dr. Ullery violated
20 plaintiff's Eighth Amendment rights by tapering plaintiff off Amlodipine be dismissed for failure
21 to state a claim, and that Dr. Ratton be dismissed from this action.

22       Finally, because it appears that plaintiff's misattributed allegation in claim one is
23 duplicated in claim four, the undersigned finds it is not necessary to interlineate Dr. Surineni's
24 name for Dr. Ratton's name in claim one.  Absent further court order, this case proceeds on
25 plaintiff's amended complaint on plaintiff's Eighth Amendment allegations raised in claims two
26 through four.  (ECF No. 49.)

27       Accordingly, IT IS HEREBY ORDERED that:
28       1. Plaintiff's putative amended pleading (ECF No. 55) is dismissed; and

2. Plaintiff's filing (ECF No. 55) is also construed as his response to the court's order to show cause; and the order to show cause (ECF No. 50) is discharged.

Further, IT IS RECOMMENDED that plaintiff's first claim that Dr. Ratton and Dr. Ullery violated plaintiff's Eighth Amendment rights by tapering plaintiff off amlodipine be dismissed for failure to state a claim, and that Dr. Ratton be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 22, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn0002.57