Anthony Dewayne Lee Turner

Prison ID: BJ9612

10626 Schirra Avenue, Unit-104

Mather, California 95655





FILED

JAN 17 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY DEWAYNE LEE TURNER          CASE No. 2:22-cv-00002-TLN-KJN P

   Plaintiff,

                                    MOTION TO AMEND COMPLAINT TO

V.                                  PLAINTIFF'S FIRST AMENDED COMPLAINT

MICHAEL ULLERY, et al.,

   Defendants.

-------------------------------------/

The plaintiff is asking the defendants in good faith to amend his original complaint and as a matter of course plaintiff should have an opportunity to amend once as a matter of course.

(a) AMENDMENTS BEFORE TRIAL.

   (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

      (A) 21 days after serving it, or

      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

   (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

(b) AMENDMENTS DURING AND AFTER TRIAL.

(1) *Based on an Objection at Trial.* If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

(2) *For Issues Tried by Consent.* When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

(c) RELATION BACK OF AMENDMENTS.

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(2) *Notice to the United States.* When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during

the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

(d) SUPPLEMENTAL PLEADINGS. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time

DATED: January 12, 2023

Respectfully submitted,

By: Anthony Turner

Anthony Dewayne Lee Turner

Prison ID: BJ9612

10626 Schirra Avenue, Unit-104

Mather, California 95655

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY DEWAYNE LEE TURNER             CASE No.  2:22-cv-00002-TLN-KJN P

        Plaintiff,

                                          MOTION TO AMEND COMPLAINT TO

MICHAEL ULLERY et al.,              PLAINTIFF'S FIRST AMENENDED COMPLAINT

        Defendants.

-------------------------------------------------------/

The plaintiff in his records indicated several claims of medical issues. Whereas, the plaintiff had disagreed with the professional health care employers. The plaintiff also disagreed with the Chronic Care Program and the ADA (RAP) decision about my medical care since March 26, 2020. Plaintiff alleges discrimination Per California Code of Regulations, Title 15, section 3004 (a); which states that inmates and parolees have the right to be treated respectfully, impartially and fairly by all employees.

  It is for this reason that this type of claim that the two essential points have been proven:

(1). The prison rule had the affect of discriminating against plaintiff. On page 2 of 3 of paragraph 2 of the Headquarters Level Response from tracking number MCSP HC 21001417 that is dated December 2, 2021. Stated, however, plaintiff allegations is refuted by the Professional Health Care Professionals familiar with your health care history and as well as a review of your health care record, and

(2). Discriminatory purposes or intent was at least part of the reason for the rule. David K. V. Lane, 839 F.2d 1265 (7th Cir. 1988). See also Johnson V. California 545 U.S. 499 (2005). Affidavits, the proof of medical 7362 forms and plaintiff medical records proved plaintiff should not have been refuted by the Professional Health Care Employees.

Dr. Michael Ullery knew about the serious issues of my medical needs. Dr. Michael Ullery knew about the issues of plaintiff being allergic to Amlodipine and it was documented that he discontinued the Amlodipine October 12, 2020, but Dr. Ullery failed to place plaintiff on his diabetic medicine and order shoes for plaintiff hallux deformity and failed to order plaintiff a soft tray and placed plaintiff on high blood medications and then discontinued the high blood pressure medications that left the plaintiff with a serious high blood pressure issue.

Dr. Bharat Ratton knew about the serious medical issue and the problem of plaintiff suffering from Amlodipine and that Dr. Bharat Ratton only tapered me off the Amlodipine even after he knew plaintiff was allergic to Amlodipine.

Dr. Ehab Nouged knew also that plaintiff made many requests since April 29, 2020 verbally and by medical 7362 forms that plaintiff was in pain from the cuts on his gums, scratches, and numbness from the solid food served in the meals. Dr. Ehab Nouged would not provide plaintiff what was needed on his request for a soft tray or protein drinks. Then on April 1, 2021 the plaintiff was finally provided accommodations.

Dr. Surineni was also deliberately indifferent to plaintiff because her concern was weather or not I was taking my medication instead of being concerned about the plaintiff explaining to her twice that Dr. Michael Ullery discontinued Amlodipine on October 12, 2020 and that Dr. Bharat Ratton tapered me off the Amlodipine that I was allergic to that caused leg swelling, infection pain, cellulitis , pain and stiffness to right leg

The employers knew about the seriousness of the medical need that was placed on a medical 7362 form and plaintiff verbally informed medical staff whom knew of the plaintiff's injuries which was so obvious that even a lay person would have easily recognized the necessity for a doctor's attention. Hill V. Dekah Reg'l Youth Dept. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994). Courts usually agree that a prisoner can show a serious medical need if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain".

Estelle, 429 U.S. at 104; Jeff V. Penner 439 F.3d 1091, 1096 (9th Cir. 2006). In other words, if a doctor did the above and says you need treatment, or your need is obvious, than it is probably a "serious medical need". Plaintiff was also in foot pain and was delayed from medical heath care services from March 26, 2020. Then finally plaintiff signed for therapeutic orthotic shoes on September 3, 2021.

Smith V. Carpenter, 316 F.3d 178 (2nd Cir. 2003). The plaintiff experienced major complications during the time his legs was swollen, infected, in pain, and cellulitis. The doctor did not request that the plaintiff legs be taken care for according to the procedure to wrap and bandage plaintiff legs daily or every other day. Plaintiff wounds of blood blended into his socks, stockings and pant legs for a period of two to three months. The employers showed their denial of appropriate medical care and deliberate indifference to plaintiff's serious medical needs. Coleman V. Rahija, 114 F.3d 778 (8th Cir. 1997).

The policy required people in a case who have to receive or get a medication change to get a doctor to state that a medication change was medically necessary before it would allow a person to stop taking a medication he was allergic. This violated the four-part Turner reasonableness test to the prison policy in question and it should determine that the inmate's Fourteenth Amendment and Eighth Amendment

rights outweighed any claim of legitimate penological interest that might explain the policy. Monmouth County Correctional Institution Inmates V. Lanzaro, 834 F.2d 326 (3rd Cir. 1987).

42 U.S.C.S. section 12101 of (1); (2); (3); (5); (6); (8).

(A). Findings.

Plaintiff was assigned to Acholic Anonymous but can attend once every other two months. Based on being involved in the E.O.P. program. Disable Disability Program of mental or physical disability of a person right to fully participate in all aspects of society of where it have diminished. The Triple CMS inmates have more access than the E.O.P. inmates. Also, individuals with disabilities continually encounter various forms of discrimination including outright communication barriers of the protected rules and policies, etc... Garber V. Embry-Riddle Aeronautical UNIV., 259 F. Supp.2d 979, 14 Am Disabilities Cas. (BNA) 518 2003 U.S. Dist. LEXIS 7357 (D. Ariz. 2003).

Under Gov. Code section 845.6, providing immunity to a public entity or employee for ijury caused by the failure to furnish or obtain medical care for a prisoner, except where the employee knows or has reason to know that the prisoner is in need of immediate care and fails to take reasonable action to summon it, liability of public entities and public employers is limited to serious and obvious medical conditions requiring immediate care. The public employee must know or have reason to know of the need of immediate medical care and failed to summons such care. Lucas V. County of Los Angeles (Cal. App. 2d Dist. July 9, 1996) 47 Cal. App. 4th 277, 54 Cal. Rptr.2d 655, 1996 Cal. App. LEXIS 129.

Dated:   January 12, 2023                                              Respectfully submitted

                                                                       *Anthony Turner* (signature)
                                                                       By:   Anthony Turner