UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER, | No. 2:22-cv-0002 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL ULLERY, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner, proceeding pro se. Several matters are pending.

Motion to Accommodate

First, on January 9, 2023, plaintiff filed a motion to accommodate people with disabilities. While not entirely clear, it appears plaintiff wants the court to adopt certain rules an unidentified municipal court applies to accommodate people with disabilities to participate in court business as parties or witnesses, the majority of which apply to court hearings. (ECF No. 64.) However, in this court, pursuant to Local Rule 230(l), all motions in prisoner cases are submitted on the papers. Thus, the undersigned finds that plaintiff's motion is not relevant and is denied. Should plaintiff need special accommodation in connection with a court hearing in the future, he may seek court relief at that time.

////

////

1

Motion to Amend

Second, on December 22, 2022, the undersigned recommended that defendant Dr. Ratton be dismissed from this action. However, on January 17, 2023, plaintiff filed a motion to amend; defendants Ullery, Nouged and Surineni filed an opposition; plaintiff did not file a reply.

Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Undue delay, "by itself . . . is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Plaintiff's motion to amend was not accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed second amended complaint, the court is unable to evaluate it. Plaintiff was previously informed of such requirement on August 29, 2022. (ECF No. 34.) Despite being previously informed of the factors the court reviews to determine whether to grant a motion to amend, plaintiff failed to

1  address any of the factors under Nunes, 375 F.3d at 808.  Indeed, this action was filed on

2  December 23, 2021, and plaintiff failed to explain why he is only now attempting to raise

3  additional claims.

4        To the extent plaintiff intended his document styled, "Motion to Amend Complaint to

5  Plaintiff's First Amended Complaint," to be his proposed second amended complaint, plaintiff is

6  advised that such document is insufficient to constitute an operative pleading.  (ECF No. 65 at 4-

7  6.)  The document does not clearly identify the individuals plaintiff intends to name as

8  defendants.  Fed. R. Civ. P. 10(a).  In his pleading, plaintiff is required to name every defendant

9  in the caption of his complaint (id.), and this court requires plaintiff to identify each defendant

10  and provide the defendant's address for purposes of service of process.  In addition, the filing

11  does not set forth what relief plaintiff seeks.

12        Further, the undersigned previously denied plaintiff leave to amend to name Dr. Ratton as

13  a defendant; it was recommended that Dr. Ratton be dismissed as a defendant, and the findings

14  and recommendations are awaiting review by the district court.  (ECF No. 58.)

15        Finally, the court already screened plaintiff's operative pleading and found plaintiff stated

16  potentially cognizable Eighth Amendment claims as to defendants Ullery and Nouged, who have

17  filed an answer, and defendant Surineni.  (ECF No. 50.)  In the current motion, plaintiff attempts

18  to add new claims which do not appear to be related to plaintiff's claims against defendants

19  Ullery, Nouged and Surineni.[1]  Such claims must be pursued in a separate action.

20        This action has been pending for over a year.  Plaintiff was previously granted leave to

21  amend which required vacating the discovery and scheduling order.  (ECF No. 50.)  Therefore,

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

the undersigned finds that any further leave to amend would unduly prejudice defendants given the delay that has already taken place. Once defendant Surineni files a responsive pleading, the court will issue a discovery and scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 9, 2023 motion (ECF No. 64) is denied without prejudice; and

2. Plaintiff's motion to amend (ECF No. 65) is denied without prejudice.

Dated: February 23, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn002.acc