IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ANTHONY D.L. TURNER,**<br><br>                              Plaintiffs,<br><br>   v.<br><br>**MICHAEL ULLERY, et al.,**<br><br>                              Defendants. | Case No. 2:22-cv-0002 TLN KJN P<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR RELIEF TO MODIFY DEADLINES IN THE COURT'S DISCOVERY AND SCHEDULING ORDER AND ORDER TO SHOW CAUSE**<br><br>Judge:         Hon. Kendall J. Newman<br>Action Filed:   December 23, 2021 |

Plaintiff is a former state prisoner proceeding, pro se.  On July 6, 2023, defendants filed a motion to modify, continue, or vacate the July 7, 2023 discovery deadline and the September 29, 2023 pretrial motions deadline set forth in the March 7, 2023 discovery and scheduling order,

Despite plaintiff's prior verbal agreement to sit for a second deposition on June 23, 2023, concerning his new claims against newly added defendant Surineni contained in the amended complaint, counsel's notice of deposition was returned by the post office as undeliverable, all of plaintiff's known telephone numbers are either out of service or appear to have been disconnected, and plaintiff has not responded to email communications.  Further, plaintiff has not updated his address with the court.  Once counsel became aware plaintiff likely had not received

formal notice of the deposition, counsel canceled the June 23, 2023 deposition to avoid incurring an estimated $1,105.00 in expenses.  In light of the impending discovery cut-off and pretrial motions deadline, defendants ask the court to either continue or vacate such deadlines until plaintiff provides the court with a notice of change of address.  Defendants request the court give plaintiff thirty days to do so and, if he fails to do so, issue an order to show cause regarding dismissal for failure to prosecute.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

At present, no mail addressed to plaintiff has been returned to the court as undeliverable. However, plaintiff's last correspondence with the court was dated March 13, 2023.  (ECF No. 74.)  Defendants' counsel last spoke with plaintiff on May 1, 2023.  Thereafter, counsel's repeated efforts to reach plaintiff were unavailing.  (ECF No. 77 at 4.)

As argued by defendants, plaintiff is required to keep the court and opposing counsel informed of plaintiff's current address at all times.

> Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective Separate notice shall be filed and served on all parties in each action in which an appearance has been made.

Local Rule 182(f).  See also Local Rule 183(b).

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Id.  In the order filed March 7, 2023, plaintiff was specifically cautioned that failure to inform the court of a change of address may result in the imposition of sanctions including

dismissal of the action.  (ECF No. 71 at 6.)  Plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.  (ECF No. 71 at 8.)

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Given plaintiff's lack of communication with defendants' counsel, and counsel's inability to contact plaintiff, and good cause appearing, defendants' motion is granted.  The discovery and pretrial motions deadlines are vacated pending further order of the court.  Within thirty days from the date of this order, plaintiff shall notify the court and opposing counsel of plaintiff's current address.  Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed based on plaintiff's failure to comply with the Local Rules.  Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion (ECF No. 77) is granted.

2. The July 7, 2023 discovery deadline and the September 29, 2023 pretrial motions deadline are vacated until further order of the court.

3. Within thirty days from the date of this order, plaintiff shall file a change of address with the court and serve a copy on opposing counsel.  Local Rule 182(f).

4. Failure to comply with this order will result in a recommendation that this action be dismissed based on plaintiff's failure to comply with the Local Rules.

Dated:  July 6, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE