1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

ANTHONY D.L. TURNER,

No.  2:22-cv-0002 TLN KJN P

12

Plaintiff,

13

v.

FINDINGS AND RECOMMENDATIONS

14

MICHAEL ULLERY, et al.,

15

Defendants.

16
17

Plaintiff is a former state prisoner, proceeding pro se, with this civil rights action.  On July

18

6, 2023, plaintiff was ordered to file a change of address with the court and opposing counsel

19

within thirty days, and warned that failure to comply with the order would result in a

20

recommendation that this action be dismissed.

21

As discussed below, it is recommended that this action be dismissed.

22

A.  Legal Standard

23

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

24

any order of the Court may be grounds for imposition by the Court of any and all sanctions ...

25

within the inherent power of the Court."  Id.  District courts have the inherent power to control

26

their dockets and "[i]n the exercise of that power they may impose sanctions including, where

27

appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

28

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

B.  Discussion

Plaintiff's copy of the July 6, 2023 order was returned as undeliverable.  Despite such return, plaintiff was properly served.  It is the plaintiff's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

Previously, plaintiff verbally agreed to sit for further deposition concerning his new claim against defendant Surineni, but counsel for defendants was unable to reach plaintiff to schedule plaintiff's deposition.  (ECF No. 77 at 3.)  Mail directed to plaintiff's address of record was returned as undeliverable and all of his known telephone numbers are out of service or were disconnected.  (Id.)  Further, plaintiff did not respond to counsel's e-mail communications.  (Id.) As a result, the undersigned vacated the discovery and scheduling order, and directed plaintiff to notify the court and counsel of plaintiff's current address.

The undersigned finds that both the first and second Ferdik factors weigh in favor of dismissal.  The court cannot effectively manage its docket if plaintiff stops litigating his case, and such failure prevents an expeditious resolution of this action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (district courts "have an inherent power to control their dockets.").  "The public's interest in expeditious resolution of litigation always favors dismissal."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)

2

1  (quoting <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999)).  The third factor,

2  risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury

3  arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air W.</u>,

4  542 F.2d 522, 524 (9th Cir. 1976).

5       The fourth factor usually weighs against dismissal because public policy favors

6  disposition on the merits.  <u>Pagtalunan</u>, 291 F.3d at 643.  However, "this factor lends little support

7  to a party whose responsibility it is to move a case toward disposition on the merits but whose

8  conduct impedes progress in that direction," which is the case here.  <u>In re Phenylpropanolamine</u>,

9  460 F.3d at 1228 (citation omitted).

10       Finally, the court's warning to a plaintiff that failure to obey the court's order will result in

11  dismissal satisfies the "considerations of the alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262;

12  <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The July 6, 2023 order expressly warned

13  plaintiff that his failure to file a change of address would result in a recommendation that this

14  action be dismissed.  (ECF No. 78 at 3.)  In addition, on July 18, 2022, the court previously

15  notified plaintiff of his obligation to keep the court apprised of his current address at all times,

16  citing Local Rule 182(f).  (ECF No. 29 at 6.)  The parties were also cautioned concerning their

17  obligations to comply with the Federal Rules of Civil Procedure and the Local Rules of this court

18  and warned that failure to do so could result in the imposition of sanctions, including dismissal of

19  the action.  (ECF No. 29 at 8.)  Thus, the court provided plaintiff adequate warning that dismissal

20  could result from his noncompliance.

21       At this stage of the proceedings, there are no lesser sanctions the court could impose while

22  protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff

23  proceeds in forma pauperis, which makes the imposition of monetary sanctions ineffective, and

24  the preclusion of evidence or witnesses would have little impact in a case where plaintiff has

25  stopped litigating.

26       The undersigned finds that evaluation of the <u>Ferdik</u> factors weighs in favor of dismissing

27  this action based on plaintiff's failure to keep the court apprised of his current address.

28  ////

C. <u>Conclusion</u>

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 22, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn0002.dm.57

4