UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D.L. TURNER, | No. 2:22-cv-0002 TLN CSK P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| MICHAEL ULLERY, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se. On January 19, 2024, plaintiff filed a letter addressed to the Clerk, noting plaintiff's new address and his two purportedly active cases.[1] To the extent plaintiff seeks to reopen this case, it is recommended that such motion be denied without prejudice.

Relevant Background

This action was filed on December 23, 2021, while plaintiff was a state prisoner. On May 31, 2022, defendants Nouged, Ratton, and Ullery filed an answer. Plaintiff was granted leave to amend, and the case proceeded on the amended complaint filed November 28, 2022. (ECF No. 49, see also ECF No. 58 at 2.) On December 19, 2022, defendants Nouged and Ullery filed an answer to plaintiff's amended complaint.

---

[1] In addition to the instant case, which is closed, plaintiff refers to Turner v. Sacramento City Fire Dept., No. 2:19-cv-0416 TLN DB (E.D. Cal.), which was closed on November 15, 2023.

1

On February 23, 2023, plaintiff's first claim that Dr. Ratton and Dr. Ullery violated plaintiff's Eighth Amendment rights by tapering plaintiff off amlodipine was dismissed, and Dr. Ratton was dismissed from the action. (ECF No. 68.) On February 28, 2023, defendant Dr. Surineni filed an answer. On March 7, 2023, a discovery and scheduling order issued. On March 10, 2023, plaintiff filed a notice of change of address, explaining that he had been released from custody. (ECF No. 72.)

On July 5, 2023, defendants Nouged, Ullery and Surineni filed a motion for relief from the scheduling order based on their failed efforts to schedule plaintiff's further deposition to answer questions regarding his claims against defendant Surineni. On May 1, 2023, the parties spoke by telephone and plaintiff agreed to be available for a June 23, 2023 further deposition, although specific details for the deposition location and time were not provided at that time. Subsequently, defendants' counsel tried to call plaintiff on three different days to confirm the date and location of the deposition, but plaintiff's telephone numbers were disconnected, so such efforts were unsuccessful. On June 16, 2023, defendants' counsel served plaintiff via overnight courier a notice of deposition and mailed the notice to plaintiff's last known address reflected on the court docket. Each day thereafter, defendants' counsel continued to attempt to reach plaintiff by phone without success. Defendants' counsel also emailed plaintiff, one email of which contained a copy of the deposition notice, but plaintiff did not confirm receipt or respond to the emails. On June 22, 2023, defendants' counsel received notice that the deposition notice was returned as undeliverable, with a note that the addressee had "Moved." (ECF No. 77 at 4.) Counsel then canceled the deposition scheduled for June 23, 2022.

On July 6, 2023, the magistrate judge granted defendants' motion, vacated the discovery and scheduling order, and directed plaintiff to file a change of address within thirty days. (ECF No. 78.) The order was returned as undeliverable. On August 22, 2023, the magistrate judge recommended that the action be dismissed. (ECF No. 79.) Plaintiff's copy of the findings and recommendations was also returned as undeliverable. On September 29, 2023, the findings and recommendations were adopted, the case was closed, and judgment was entered. (ECF No. 80.) Plaintiff's copy of the order and judgment was also returned as undeliverable.

Governing Standards

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Such relief may be based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1).  "Rule 60(b) reconsideration is generally appropriate in three instances:  (1) when there has been an intervening change of controlling law, (2) new evidence has come to light, or (3) when necessary to correct a clear error or prevent manifest injustice."  United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted).

Discussion

Plaintiff fails to identify any factor under Rule 60(b) that would entitle him to reopen this action.  Plaintiff claims he has been in jail since August 17, 2023.  (ECF No. 82 at 1.)  But his failure to communicate with defendants' counsel concerning plaintiff's deposition took place in June of 2023, prior to his subsequent arrest.  Moreover, plaintiff did not file a change of address.  Under Local Rule 182(f), pro se litigants are required to notify the court and all other parties of any change of address or telephone number.  Id.  The record confirms that plaintiff is aware of his obligation to notify the court of any change of address because he has filed several in the past.  (ECF Nos. 31, 57, 59, 72.)

Plaintiff also claims he came out of his "incompetence as of December of 2023 or January 6, 2024."  (Id.)  But such statement is too vague and conclusory to demonstrate plaintiff is entitled to relief.  Plaintiff does not set forth specific dates as to any alleged incompetence, or explain how

3

such alleged incompetence was determined.  Further, plaintiff provides no evidence showing that any alleged mental illness prevented him from contacting defendants' counsel in June of 2023 or timely notifying the court of his current address.  Indeed, the undersigned finds plaintiff's one page letter to the Clerk insufficient to support a motion for relief under Rule 60(b), as well as insufficient to put defendants on notice of such requested relief.

Accordingly, liberally construing plaintiff's January 19, 2024 filing as a motion to reopen the instant action, IT IS HEREBY RECOMMENDED that plaintiff's motion (ECF No. 82) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 19, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/turn0002.60b

4