UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D.L. TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ULLERY, et al.,<br><br>　　　　Defendant. | No.  2:22-cv-0002 TLN CSK P<br><br><br><br>ORDER |

　　　　On April 25, 2024, plaintiff filed a motion for reconsideration of the order denying appointment of counsel.  (ECF No. 86.)  The Court denies the motion as discussed below.

Untimely Motion for Reconsideration

　　　　Plaintiff did not identify what order he wants this Court to reconsider.  The record reflects that the only motion for appointment of counsel was filed by plaintiff on November 23, 2022, and was denied on December 1, 2022.  (ECF Nos. 48, 51.)  Local Rule 303(b) states "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties."  Id.  Plaintiff's motion for reconsideration of the assigned magistrate judge's order of December 1, 2022, is therefore untimely and is denied.

Renewed Motion for Counsel

　　　　To the extent plaintiff renews a motion for appointment of counsel, the Court finds the

1

motion unavailing at this juncture. First, the case is closed. Judgment was entered on September 29, 2023. (ECF No. 81.) Second, on April 19, 2024, the Court recommended that plaintiff's motion to reopen this action be denied. (ECF No. 85.) Plaintiff was recently granted an extension of time to file objections. (ECF No. 88.)

Third, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

For the above reasons, plaintiff's motion for appointment of counsel is denied without prejudice.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 86) is denied as untimely; and

2. To the extent plaintiff renews a motion for appointment of counsel, the motion (ECF No. 86) is denied without prejudice.

Dated: June 5, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/turn0002.rec

2